[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15012
This is an action commenced by the plaintiff wife by complaint dated April 18, 1997 and made returnable to this court on May 20, 1997, seeking a dissolution of marriage on the grounds of irretrievable breakdown. Additionally, the plaintiff seeks a restoration of her former name of Collin and such other and further relief as the court deems equitable.
The defendant appeared through counsel and filed an answer and counterclaim seeking a dissolution of the marriage, an equitable distribution of the marital assets and such other relief as the court may deem equitable and appropriate.
On November 16, 2000, the matter was tried to the court having previously been claimed to the limited contested list. The parties were represented throughout the proceedings by counsel. Testimony was received from the plaintiff and the defendant. From the testimony and evidence produced at the trial and after assessing the credibility of the witnesses, the court finds the following to have been proven.
The parties were intermarried on February 28, 1992 in Meriden, Connecticut. There were no minor children issue of this marriage, and no children were born to the wife since the date of this marriage. Neither party is receiving any state, federal nor local assistance. The parties have resided in this state for more than one year immediately prior to the date of the complaint and counterclaim. The court finds that it has jurisdiction over the parties and the marriage.
Based upon a review of the exhibits as well as the testimony at trial, the court finds the following additional facts.
The plaintiff wife is 49 years of age and is currently employed as a medical assistant for Consulting Ophthalmologists earning approximately $30,000.00 per year. During the years of 1992 to the present, she earned approximately $22,000.00 to $30,000.00 while employed as a medical assistant. Her educational background includes training as a CT Page 15013 surgical/medical assistant and as an operating room nurse.
The plaintiff testified that the marriage broke down due to a number of factors including the defendant's domineering behavior, his poor relationship with her grandchildren, his acting like her father and differences in the parties values.
The defendant husband is 58 years of age. At the time of the marriage to the plaintiff in 1992, the defendant was employed as a Sergeant with the Meriden Police Department earning approximately $750.00 a week. He retired from the police force on January 8, 1994 and worked thereafter as a private security guard for approximately two years. The defendant currently receives a pension of approximately $32,000 a year from the police department.
The parties first met in 1990. The plaintiff was previously married for twenty years which marriage was dissolved on December 3, 1990. The defendant was also previously married for sixteen years which marriage was dissolved in 1980. At the time of the marriage of the parties on February 28, 1992, the plaintiff owned a residence located at 35 Skinner Road, in Vernon, Connecticut. This property became the marital home of the parties during the marriage until they separated in 1997 when the defendant moved out of the premises. The plaintiff presently resides in said premises.
On March 25, 1992, the plaintiff transferred 37 1/2% of her ownership in the property at 35 Skinner Road, Vernon, Connecticut, to the defendant. (Defendant's Exhibit #2). Contemporaneous with said transfer, the plaintiff and defendant than refinanced said property by taking out a $55,000.00 mortgage on said property with the mortgage proceeds being disbursed as follows. The existing mortgage on the premises owed by the plaintiff was paid off in the approximate amount of $22,000.00. In addition, approximately $30,000.00 was paid to the plaintiff's ex-husband pursuant to the terms of her Judgment of Dissolution of Marriage dated December 3, 1990. (Defendant's Exhibit #1). The parties stipulated and the court finds that the property was valued on February 1, 1992 at $146,000.00. (Plaintiff's Exhibit A). In 1994, the defendant received approximately $14,000.00 as compensation for unused sick time from his prior employment with the Meriden Police Department. The defendant paid said $14,000.00 as a principal payment towards the $55,000.00 mortgage on the marital residence. In addition, the defendant made approximately $16,000.00 in principal payments from the parties checking account toward the mortgage during the period of 1994 to 1996. (Defendant's Exhibit #3). The defendant claims said funds were his pension payments. The plaintiff acknowledges that the prepayment of principal was made but denies she knew of that fact until after the marital difficulties had CT Page 15014 begun despite having balanced the checking account from which said payments were made. The court does not find her testimony credible that she did not know of the payments of the $16,000.00 principal payments for the years of 1994 to 1996. The parties stipulated and the court finds that the property was valued at $126,000.00 as of September 13, 1997. (Plaintiff's Exhibit F). The parties further stipulated and the court finds that the property is valued as of July 5, 2000 at $125,000.00. (Plaintiff's Exhibit G).
The parties jointly made a number of improvements to the property during the term of their marriage and prior to their separation in 1997. The defendant testified that he received the 37 1/2% interest in the property from the plaintiff on March 25, 1992 after an agreement with the plaintiff to preserve assets for the parties children from their prior marriages. The court finds this testimony of the defendant to be credible. The plaintiff denies that assertion and claims not to have known what she was signing when she signed the deed transferring said 37 1/2% interest to the defendant. The court does not find the plaintiff's testimony regarding said transfer of property to be credible. Both parties acknowledge that since the separation in 1997, all mortgage payments, taxes, insurance and maintenance costs on said premises, have been paid solely by the plaintiff.
At the time of the marriage of the parties in 1992, the defendant owned an IRA account with Tucker Anthony, Inc. valued at $760.00 in March of 1992. It was worth $9,709.17 in April of 1997 and $7634.00 in November of 2000. (Defendant's Exhibit #4). The defendant still retains said account. In addition, the parties had a joint account at First Federal Savings and Loan in the approximate balance of $5385.00 at the date of the 1997 separation of the parties which funds the plaintiff took in April of 1997. The plaintiff received a personal injury settlement of $6740.81 which she deposited in said account in 1995. (Plaintiff's Exhibit B and Defendants Exhibit #7). In addition, the parties also had a joint account with the Meriden Municipal Federal Credit Union in the approximate balance of $9000.00 on the date of separation of the parties with the plaintiff receiving at the separation approximately $6000.00 of said funds and the defendant receiving approximately $3000.00 of said funds. (Plaintiff's Exhibit D).
The defendant further testified that he is currently paying the plaintiff's medical insurance of approximately $332.00 a month. The plaintiff also testified that her son's attorney was paid $2000.00 and that amount was never repaid by her son.
The court finds that this has been a short term marriage. The parties have approximately the same income and both parties are entitled to share CT Page 15015 in the equity in the marital residence as hereinafter ordered.
After taking into consideration all of the criteria set forth in General Statutes §§ 46b-81 and 46b-82 and applying the same to the evidence, the court enters the following orders:
1. A decree is entered dissolving the marriage of the parties on the grounds of an irretrievable breakdown, all of the allegations of the Complaint and Counterclaim having been proven.
2. The defendant shall convey to the plaintiff by quitclaim deed any and all interest he may have in the property located at 35 Skinner Road, Vernon, Connecticut within thirty days of this order. After taking into consideration the plaintiff's prior ownership of the marital residence, the defendant's share of ownership of the marital residence, the previous division of the financial accounts by the parties, the payments of the mortgage including principal repayments made during the marriage, all of the expenditure of funds by the parties during the marriage, as well the statutory criteria relating to the distribution of marital assets, the court orders the plaintiff to pay to the defendant the sum of $32000.00 within four months of the date of the dissolution of the marriage of the parties. The plaintiff shall execute a mortgage note with no interest and deed in favor of the defendant to secure said debt, to be executed contemporaneously with the receipt of the quitclaim deed from the defendant. The plaintiff shall hold the defendant harmless from any and all liabilities and obligations pertaining to said marital premises and shall remove the defendant's name from the mortgage within four months of the date of the dissolution of the marriage of the parties.
3. The plaintiff is awarded sole interest in her retirement funds and financial, checking or savings accounts free of any interest of the defendant.
4. The defendant is awarded sole interest in his retirement funds and financial, checking or savings accounts, including the Tucker Anthony, Inc. IRA free of any interest of the plaintiff.
5. The parties shall keep all personal property, including the automobiles currently in his or her possession.
6. The plaintiff shall be responsible for the debts and liabilities shown on her financial affidavit, including but not limited to, all mortgage payments and taxes owed on the marital residence and the plaintiff shall hold the defendant harmless thereon. CT Page 15016
7. The defendant shall be responsible for the debts and liabilities shown on his financial affidavit and the defendant shall hold the plaintiff harmless thereon.
8. Each party shall be solely responsible for obtaining and maintaining their own automobile insurance within thirty days from the date of the dissolution of marriage.
9. Each party shall be solely responsible for their own medical and/or dental insurance at their own expense and each party will be entitled to any medical insurance benefits that may exist under COBRA at his or her own expense for the maximum period allowed by law.
10. Each party shall be responsible for his and her own attorney's fees and costs.
11. The plaintiff's former name of Linda J. Collin is restored.
12. Plaintiff's counsel shall prepare and file within thirty days of this decision a judgment file and both counsel shall sign the judgment file.
Edward C. Griziani Superior Court Judge